# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| BRANDON ALAN MILLER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| THE CITY OF SODDY-DAISY, TENNESSEE | ) | |
| | ) | |
| BURT JOHNSON, individually and in his | ) | Docket No.1:25-cv-00196 |
| official capacity as City Manager for | ) | |
| City of Soddy-Daisy, BILLY PETTY, | ) | JURY DEMAND |
| individually and as the Police Chief for | ) | |
| Soddy-Daisy Police Department and | ) | |
| MIKE SNEED, individually | ) | |
| | ) | |
| *Defendants* | ) | |
| | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISSAND/OR MOTION FOR SUMMARY JUDGMENT

---

Plaintiff, Brandon Miller ("Miller"), respectfully submits his Response in Opposition to Defendants' Motion to Dismiss and/or Motion for Summary Judgment ("Motion"). Miller more particularly submits as follows:

### Procedural Summary

Miller filed his Complaint on June 17, 2025 [Dkt 1]. Defendants filed their Motion and supporting memorandum on August 19, 2025 [Dkt. 11-12] asserting that:

(1) Miller's claims are barred by the applicable statute of limitations

(2) Miller's First Amendment claim is barred because Miller's speech was made pursuant to his official duties as a law enforcement officer

(3) Miller's TPPA and TPEPFA claims against individual defendants may only be asserted against an employer

(4) Miller's conspiracy claims are barred intracorporate conspiracy doctrine

(5)    Individual defendants are entitled to qualified immunity.

(6)    Miller fails to state a claim for vicarious liability, and

(7)    Miller's request for permanent injunction is moot if this Court dismisses Miller's Cases of action

Defendants rely on two documents purportedly supporting dismissal, being Miller's resignation letter and Miller's deposition testimony in the case of *Elrod et al v. City of Soddy-Daisy et al.,* Case No. 1:24-cv00278, of which Miller is not a party. No discovery has been conducted in this matter. This Court entered its Scheduling Order September 19, 2025, setting a discovery deadline of May 11, 2026.

## Standard of Review

### I.    Rule 12(b)(6) dismissal

The Federal Rules of Civil Procedure require only that a plaintiff provide "'a short and plain statement of the claims" giving the defendant fair notice of what the plaintiff's claim are and the grounds upon which they rest. " *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out a liberal pleading standard and does not require detailed factual allegations. *Murray v. City of Elizabethton*, 661 F. Supp. 3d 786 (E.D. Tenn. 2023). The court must determine only whether "**the claimant is entitled to offer** evidence to support the claims," **not whether the plaintiff can ultimately prove the facts alleged**. *Desoto v. Bd. of Parks & Rec.*, 64 F. Supp. 3d 1070, 1082 (M.D.Tenn. 2014)(emphasis supplied), relying on *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).

To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009). A plaintiff **must allege facts** sufficient "to raise the right to relief above the

2

speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 570 (2007) The Sixth Circuit Court of Appeals has directed district courts to focus only on the allegations in the pleadings when considering a motion to dismiss. *Zakora v. Chrisman* (In re Est. of Zakora), 44 F.4th 452, 464 (CA 6th Aug. 10, 2022). On the other hand, Defendants only succeed if it appears **beyond doubt** that Miller can prove no set of facts in support of his claims entitling him to relief. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (CA 6th 2012)(emphasis supplied).

## II.      Rule 56 summary judgment

If a district court considers matters outside of the pleadings, the motion is treated as one for summary judgment, and **all parties must be treated given a reasonable opportunity to present all the material  that is pertinent to the motion**. *Zakora v. Chrisman* (In re Est. of Zakora), 44 F.4th 452, 464 (CA 6th Aug. 10, 2022) (emphasis supplied). Although Rule 56(b) permits a party to file a summary judgment motion "at any time," "…summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Merritt v. Wipro Ltd.*, 2025 U.S. Dist. LEXIS 21632 *3 (W.D. Tenn. Feb. 6, 2025).

Thus, the general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *Brown v. City of Chattanooga*, 2024 U.S. Dist. LEXIS 184588 *5-6 (E.D. Tenn. Oct. 9, 2024); *Garrison v. Swallows*, 2025 U.S. Dist. LEXIS 129266 *6 (E.D. Tenn. July 8, 2025), relying on *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). Allowing  a  party discovery to  counter  a summary judgment motion is well-established. *Ball v. Union Carbide Corp.*, 385 F. 3d 713, 719 (6th Cir. 2004).  y. *Id.*; *Bunche v. United States*, No. 17-6190, 2018 U.S. App. LEXIS 16748, 2018 WL 4959029, at * 2 (6th Cir. June 20, 2018) ("A district court abuses its discretion if it grants summary judgment to the defendant without giving the plaintiff a full opportunity to conduct discovery.").

At the summary judgment stage, the court's role is limited to determining whether the record contains sufficient evidence from which a jury could find for Miller. See *Davenport v. Rausch*, 2025 U.S. Dist. LEXIS 160801*7 (E.D. Tenn. Aug. 19, 2025). A sufficient opportunity for discovery allows the parties to create a record for the Court to make such a determination." *Id*, relying on *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-252, 106 S. Ct. 2505 (1986).

Moreover, Defendants in this matter rely on evidence outside of the Complaint in another matter of which Miller is not a party: *Elrod et. Al. v. City of Soddy Daisy, et al.*, Case No. 1:24cv00278 TRM MJD. Case No. 1:24cv00278 was initiated on August 16, 2024, and the parties were permitted to conduct discovery. Miller was not provided an opportunity to participate in any Case No. 1:24cv00278 depositions as a party-Plaintiff. While Miller was represented by counsel during his witness deposition in Case No. 1:24cv00278 in May of 2025, this was prior to the filing of Miller's complaint. Rule 26 of the Federal Rules of Civil Procedure clearly states that "**parties may obtain discovery** regarding any **nonprivileged matter that is relevant to any party's claim** or defense…"

Such context is important because dismissal or an award of summary judgment to the Defendants circumvents Rule 26 and would be highly prejudicial to Miller. The Sixth Circuit Court of Appeals has specifically opined that "the context in which comments are made is critical" and warned against assessments regarding witness "credibility or import of statements" as such "are improper on summary judgment." See *Erwin v. Potter,* 79 Fed. Appx. 893, 899 (CA 6th Nov. 4, 2003) and *Mussaw v. Nashville Symphony Ass'n*, 2024 U.S. Dist. LEXIS 231779 *12 (M.D. Tenn. December 23, 2024).

In this case, Miller respectfully submits that there is a need for discovery to develop a record and address those issues raised in the Motion. This is needed for a complete record that the

4

Court may determine whether a fair-minded jury could return a verdict in his favor. Alternately stated, the Defendants are not entitled to summary judgment at this point based on the two equivocal exhibits.

In the event that this Court wishes to proceed without discovery, Miller has also reached outside the Complaint and set forth facts and authority showing genuine issues for trial. Summary judgment is therefore improper as genuine issues of material facts exist. *Brown v. City of Chattanooga*, 2024 U.S. Dist. LEXIS 184588, *4 (E. D. Tenn. Oct. 9, 2024). The Defendants have not shown that "a reasonable jury would *have* to find" in their favor. *Mussaw v. Nashville Symphony Ass'n*, 2024 U.S. Dist. LEXIS 231779 2021 U.S. Dist. LEXIS 142567 *14 (M.D. Tenn. Dec. 23, 2024). Accordingly, the Motion should be denied.

## **Material Facts**

1.  Brandon Miller, Jake Elrod and Eric Jenkins regularly associated with one another. SJA 0008-0009; 0011; 0016-0017; 0021-0027; 0031-0032; 0050-0053.

2.  Mike Sneed and Billy Petty were police chiefs at Soddy Daisy who worked with Miller. SJA 0040-0046; 0115; 0122; 0129;0132

3.  Brandon Miller, Jake Elrod and Eric Jenkins regularly associated with one another prior to and following Miller's last day of work, which included the Jeremy Wright investigation SJA 0008-0009; 0011; 0016-0017; 0021-0027; 0031-0032; 0050-0053; 0129-0159

4.  Chief Sneed worked with Miller, Elrod, Jenkins, Petty and Jeremy Wright. SJA 0121-0123.

5.  Billy Petty and Jeremy Wright have a close relationship. SJA 0026-0027; 0035-0040;0088-0093; 0098-0100

6.  The ceased day-to-day patrol communications between Miller and other police officers following Jake Elrod and Eric Jenkins' suspension, resumed after June 3, 2024. SJA 0028-0029

7.  Police Chief Billy Petty questioned Miller about leaving the department after June 3, 2024, and around June 15, 2024. SJA 0063-0065

8.    Miller was contacted by another Soddy-Daisy police officer, Jeremy Morrison, *after* his last day of work regarding interviews surrounding the Aldridge report. SJA 0022-0024;0061

9.    Jake Elrod and Eric Jenkins were terminated by Billy Petty and Burt Johnson on July 31, 2024, after Miller's last day of work, with input from Mike Sneed. SJA 0017-0019;0025;0103-0106;0108-0109

10.   Chief Petty promoted Ryan Vanderpool and Jeremy Morrison at the time of and following Jake Elrod and Eric Jenkins termination. SJA 0074-0077;0103-0106;0108-0109;0115;0118;0126

11.   The Aldridge Report was completed on July 10, 2023. SJA 0129

12.   Jake Elrod's termination letter from the City specifically referenced Miller and was dated July 31, 2024. SJA 0161

13.   Brandon Miller gave deposition testimony on May 19, 2025, in the matter *Elrod et. Al. v. City of Soddy Daisy, et al.*, Case No. 1:24cv00278 TRM MJD of which he was not a party-Plaintiff. *See* SJA 0001-0004

14.   During his deposition in Case No. 1:24cv00278 TRM MJD, Miller specifically testified that he could not recall ALL instances adverse employment actions. SJA 0024 "off the top of my head not right now" 0033 "I don't      recall the time" 0049 "I would have to guess a time" 0050 "off the top of my head" 0053 "I don't know" 0054 "not off the top of my head;" "Im not sure" 0055"I don't know"   0056 "the exact date, no" 0059 "I don't know,""confusing his belief or what somewhat else believed"

### Argument and Authorities

**III.    Miller's claims are timely.**

As set forth in the Complaint and the material facts, *supra*, Miller's claims are timely. The Complaint, on its face, states that it is "an action…for constitutional violations and violations of Tennessee state law…resulting from Miller's demotion and constructive discharge…" [Dkt. 1, p. 1 ¶1.]. The Complaint also states that the Defendants "retaliated" against Miller for "exercising his right to free speech, for his association with Jake Elrod and Eric Jenkins," that Miller "opposed the illegal conduct by the Defendants," and that Miller was subjected to a "hostile work environment." [Dkt. 1, p. 2 ¶2].

6

Defendants claim that by "June 3, 2024" " all of the acts which the Plaintiff alleges were retaliatory were complete." [Dkt. 12 p. 11]. This is incorrect. Miller articulates in his Complaint that "the Defendants have begun an offensive campaign" [Dkt. 1, p. 20 ¶ 104] to tarnish him, and identifies the termination of his associates Jake Elrod and Eric Jenkins, on July 31, 2024 [Dkt. 1, p. ¶105- 109]. Miller also testified:

(Mr. Grant)[1]  Q:  At the time you left -- I think on June 3rd. Is that correct?

A:  That was when I tendered my resignation. I left on June 17th.

*See* SJA 0061.

Defendants also rely on the incompatible cases of *Weber*, *Ricks* and *Chadon* to support untimeliness. These cases are easily distinguishable from this case.

First, the holding in *Weber* was that:

…employment discrimination and retaliatory discharge cases of action accrue and the statute of limitations begins to run **when the employee *is given unequivocal notice of the employer's termination decision***.

*Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001)(emphasis added). This is not the case here, as Miller contends he was constructively discharged. The Tennessee Supreme Court distinguished *Weber* in *Farhrner*, opining that "the rationale of *Weber* is simply that an employee 'discovers' that an injury has been sustained for purposes of the statute of limitations **when the employer provides unequivocal notice of the adverse employment action.**" *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d at 144 (Tenn. 2001)(emphasis supplied). The Tennessee Supreme Court specifically "…stressed…that **there is no requirement that the plaintiff actually know the specific type of legal claim he or she has, or that the injury constituted a breach of the**

---

[1]Keith H. Grant, Esq., appeared for the Defendants.

**appropriate legal standard**." *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d at 145 (Tenn. 2001)(emphasis added).

The *Webster* case, like the *Weber,* was decided prior to *Fahrner*, supra, and involved an employer's unequivocal notice to the employee. The Tennessee Appeals Court in *Webster* stated that the mere continuity of employment, following the employer's unequivocal notice, without more, is insufficient to prolong the life of an action for employment discrimination. *Webster v. Tennessee Bd of Regents*, 902 S.W. 2d 412,414 (Tenn. App. 1995). The 1981 *Chardon* case predates *Webster* and *Webber* and involved circumstances where the nontenured employees were given advanced, unequivocal notice that their employment would be terminated. This authority is inapplicable in the present circumstances.

In determining when a §1983 action accrues, Courts "look to the even that should have alerted the typical lay person to protect his or her rights" *Trzebuckowski v. City of Cleveland* 319 F. 3d 853, 856 (6ᵗʰ Circ. 2003)(holding statute of limitations began to rune when charges were dismissed in municipal court); *Dixon v. Anderson*, 928 F.2d 212, 215 (6th Cir. 1991)(finding that plaintiffs has reason to know of their injuries when their employer informed them of a prohibition against double dipping). At no point in this case did the City inform Miller that he would be terminated. Moreover, Miller's associates Jake Elrod and Eric Jenkins were only suspended during on June 3, 2024, and still had the possibility to return. It was well after June 17, 2024 that the Aldridge Report was generated followed by Jake Elrod's termination that specifically named Miller. Here that is at least a genuine issue of material fact as the event that alerted Miller to protect his rights.

Tennessee District Courts have regularly opined that the "adverse employment action requirement" in the retaliation context found here, "is **not limited to** an employer's actions that affect the terms, conditions, or status of employment, or **those acts that occur in the workplace**." See *Grizzard v. Nashville Hosp. Capital, LLC*, 2021 U.S. Dist. LEXIS 142567 *6 ((M.D. Tenn. July 30, 2021)(emphasis supplied). Moreover, hostile environment claims, "involve repeated conduct" of which the "**unlawful employment practice... cannot be said to have occurred on any particular day**." *See Mosby v. State Farm Mut. Auto. Ins. Co.*, No. 3:04-0275, 2005 U.S. Dist. LEXIS 43604, 2005 WL 2600420, at *8 (M.D. Tenn. Oct. 13, 2005).(emphasis supplied).

In the alternative, Miller submits that his claims are timely under the continuing violations exception that was triggered at the time the discriminatory act occurs. *Trzebuckowski v. City of Cleveland* 319 F. 3d at 857(6th Circ. 2003). The category of continuing violations which may be applicable here arises where there is some evidence of present discriminatory activity giving rise to a claim of a continuing violation and at least one of the forbidden discriminatory acts occurring within the relevant limitations period. See *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999) (citing *Heck v.Humphrey*, 512 U.S. 477(1994).

The cases cited by the Defendants, unlike the circumstances at bar, involve a single discrete act. Something is discrete if it is separate, not attached to others and unrelated. *Smith v. USF Holland, Inc.*, 2008 U.S. Dist. LEXIS 80046 *28-29 (E.D. Tenn. 2008), relying on *Booker v. Boeing Co.,* 188 S.W.3d 639, 644 (Tenn.2006) This case involves continuing discriminatory action taking place over time due to Miller's *association* with Jake Elrod and Eric Jenkins. The continuing violation doctrine may therefore apply as Miller's claims involve related discriminatory conduct occurring both inside and outside the limitations period due to his association or connection to Jake Elrod. See *Booker v. Boeing Co.,* 188 S.W.3d 639, 644

9

(Tenn.2006) and *Cline v. BWXT Y-12, LLC*, 521 F.3d 507, 513-14 (CA 6th (E.D. Tenn.) 2008)(reversing and remanding retaliation claims for further proceedings). Most assuredly this is a question of material fact that should be developed with discovery.

In *Shamaeizadeh*, the §1983 plaintiff brought sought damages against state officials for an illegal search and seizure following the dismissal of criminal charges. *Shamaeizadeh v. Cunigan*, 182 F.3d at 392. The question in *Shamaeizadeh* was whether the statute of limitations for the § 1983 action accrued on the date of the illegal search, when Shamaeizadeh was on notice that his rights were violated, or on the date that the court affirmed the district court's dismissal of the charges against him. The Court found that it would not have been possible for Shamaeizadeh, while the criminal proceedings were pending, to determine whether a decision on Shamaeizadeh's claim would imply the invalidity of his potential conviction without deciding issues common to the criminal .action--i.e., whether the search was lawful." *Trzebuckowski v. City of Cleveland* 319 F. 3d at 856-857(6th Circ. 2003), relying on *Shamaeizadeh v. Cunigan*, 182 F.3d 398 (6th Cir. 1999). Miller, like Shamaeizadeh, could not have rightfully brought his § 1983 retaliation, free speech and associational claims at any time prior to Jake Elrod and Eric Jenksins official termination.

Furthermore, Defendants' reliance on Miller's deposition testimony in a matter where he is not a party is misplaced and unfair. The Defendants have not provided the Court with a complete transcript providing the context of Miller's testimony nor do they request this Court to take judicial notice. The facts identified herein show that the Defendants inquired with Miller regarding his *beliefs as to what acts may constitute adverse employment actions* but did not request or expect an exhaustive list.

10

The applicable statute of limitations did not begin to run on June 3, 2024 as Defendants claim, because the Defendants did not issue unequivocal notice that Miller's employment would be terminated. This is coupled with specific fact allegations in Miller's Complaint identifying a persistent pattern of illegal, unconstitutional activity that was actually and tacitly approved by former and current municipal officials. Soddy-Daisy's police department has a "culture of hostility" as memorialized by an independent investigator on July 10, 2024. SJA 0158.

Miller timely filed his Complaint on June 17, 2025, as well before Defendants' unequivocal termination of his associates on July 31, 2024, well within the one-year limitations found under §1983, the TPPA and the PEPFA. At a minimum, material questions of law and fact as to what constitutes an "adverse employment action," "discrete act" and "continuing violations" are mixed question of law and fact that cannot be decided without additional discovery.

**IV.** **Miller engaged in constitutionally protected speech on a matter of public concern, opposing discriminatory conduct for which qualified immunity is unavailable**

The Court of Appeals in the Sixth Circuit applies a three-part balancing test to determine whether a public employee like has engaged in private protected speech known as the *Pickering* test. *Ashford v. Univ. of Mich.*, 89 F.4th 960, 971 (CA 6th Jan. 9, 2024). The fact that Miller believed that he had *Brady* and *Gilio* disclosure obligations as a police officer does not result in dismissal, because Miller also opposed corruption within the police department as it related proper handling of citizen complaints against police officers and the City's internal affairs process. *See* Dkt 1, p. 18-20.

Moreover, case law from the Sixth Circuit finds "that statements reporting 'instances of maladministration, to authorities both within and outside of [an employee's] chain of command' constitute speech on a matter of public concern." *Ashford v. Univ. of Mich.*,89 F. 4th 971 (CA 6th

Jan. 9, 2024), quoting *Buddenberg v. Weisdack*, 939 F.3d 732, 739 (6th Cir. 2019). As stated by one district court in the Sixth Circuit, "[w]ithin the public's interest in the government's effectiveness, how police departments operate is an obvious public concern. *Solomon v. Royal Oak Township*, 842 F.2d 862, 865 (6th Cir. 1988) (citing *McMurphy v. City of Flushing*, 802 F.2d 191, 196 (6th Cir. 1986)). The Supreme Court has likewise opined that the critical question is whether the speech at issue itself is ordinarily within the scope of an employee's duties, not whether it merely concerns those duties. *Murray v. City of Elizabethton*, 661 F. Supp. 3d 786, 792 (E.D. Tenn. March 15, 2023) quoting *Lane v. Franks*, 573 U.S. 228, 240, 134 S. Ct. 2369, 189(2014).

A case more analogous to this matter is *Howard v. Livingston Co.*, 2023 U.S. App. LEXIS 1540 (CA 6th Jan. 20, 2023). The Plaintiff in Howard was a probation officer whose responsibilities did not include any responsibility to address the job performance of the prosecutors on her cases, and she had no job duty to investigate alleged misconduct by prosecutors or give her opinion on misconduct. *Howard*, 2023 U.S. App. LEXIS 1540 at *21-22. The Sixth Circuit Court of Appeals noted that "**possible violations of the law are undoubtedly of the highest public concern**, since they **hint at possible wrongdoing by public officials**." *Howard*, 2023 U.S. App. LEXIS 1540 at *22 (internal citations omitted)(emphasis added). As a result, speech that concerns information acquired by virtue of an employee's public employment does not transform that speech into employee, rather than citizen, speech.

Once again, in order to make a determination, courts are instructed to look at the content, form, and context of given statements, as revealed by the whole record. *Murray v. City of Elizabethton,* 661 F. Supp. 3d 786, 792   There is no whole record for this Court to review because there has been no discovery. As such, dismissal or summary judgment at this stage is unwarranted.

## V.    TPPA, TPEPFA, conspiracy and qualified immunity.

Defendants claim that individual defendants cannot be considered Plaintiff's employer for the purpose of the TPPA and the TPEPFA.  Assuming that this is true, Miller can still proceed against Soddy-Daisy and such has no impact on his conspiracy.

Miller's conspiracy claim is specific setting for the association of Miller, Elrod and Jenkins, their retention of potentially pedophilic text messages from Jeremy Wright, the handling of citizen complaints and IA reports by Sneed, Johnson and Petty, and the termination of Miller, Elrod and Jenkins. See Dkt. 1, pp. 11-19.  These statements allege an agreement between two or more persons to injure another by unlawful action as reflected in *Memphis, Tennessee Area Local, Am. Postal Workers Union et al. v. City of Memphis* 361 F. 3d 898 (6th Cir. 2004).

The *Howard* case, identified above, is once again instructive. .In *Howard*, the Sixth Court of Appeals opined that:

> [W]e have repeatedly cautioned, "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although [a government official's] 'entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under [Rule 12]….[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds because development of the factual record is frequently necessary to decide whether the official's actions violated clearly established law.

*Howard v. Livingston Co.*, 2023 U.S. App. LEXIS 1540 *18 (CA 6th Jan. 20, 2023).

Dismissing the conspiracy claim at this point requires the Court to assume that all of the individual defendants were acting within the scope of their employment The Court does not have a record before it to definitely determine what roles each defendant played, much less whether those individual defendants or municipality are immune.  Plaintiff has submitted evidence of which a reasonable juror could conclude that Plaintiff was deprived of a right secured by the Constitution, and that such deprivation was a result of a custom, policy, or practice attributable to Soddy-Daisy

13

or a Soddy Daisy employee acting within the scope of their employment. Finally, Miller's request for permanent injunction is justiciable, as this Court has not dismissed his Complaint and should not without some opportunity for discovery.

## **CONCLUSION**

"Tennessee law strongly favors the resolution of disputes on the merits." Hunley v. Detroit Diesel Corp., 680 Fed. Appx. 447, 451 (CA 6th (E.D. Tenn.) 2017). Plaintiff respectfully requests that this Court allow the resolution of all of his disputes with the benefit of a complete record. Plaintiff also respectfully submits that he has pointed to depositions and other documentation from which a reasonable juror could find in his favor, which at minimum created questions of fact that can more developed in discovery. Plaintiff therefore requests that this Court deny the Defendants' motion and for any and all other relief to which he is entitled.

THIS, the 26th day of September, 2025.

Respectfully submitted,

**BRANDON MILLER**

By: *Lara E. Gill*
   L. Scott Miller (TN BPR. No. 034102)
   Lara E. Gill (TN BPR No. 026103
   **L. S. Miller Law Firm, PLLC**
   415 West Central Avenue, Suite 1.
   LaFollette, Tennessee 37766
   (865) 332.0922 telephone
   lsmiller@lsmlaw.com
   lgill@lsmlaw.com

14

## CERTIFICATE OF SERVICE

I, Lara E. Gill, one of the attorneys for the Plaintiff, Brandon Miller, do hereby certify that the foregoing document was filed electronically on the date indicated above, and that notice of the filing will be sent via ECF to all parties of record.

*Lara E. Gill*
_____
L. Scott Miller (TN BPR. No. 034102)
Lara E. Gill (TN BPR No. 026103
**L. S. Miller Law Firm, PLLC**
415 West Central Avenue, Suite 1
LaFollette, Tennessee 37766
(865) 332.0922 telephone
lsmiller@lsmlaw.com
lgill@lsmlaw.com

.

15